# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————————

MELBA JOYCE RIVERA,

        Plaintiff,

v.                                               NO. 11-CV-827 WJ/LFG

FAST EDDIE'S, INC., EDDIE NELSON,
DIANE NELSON, and CHRIS BLETHIN,

        Defendants,

and

MELBA JOYCE RIVERA as assignee
of FAST EDDIE'S, INC., EDDIE NELSON,
DIANE NELSON, and CHRIS BLETHIN,

        Third-Party Plaintiff,

v.

VALLEY FORGE INSURANCE COMPANY,
d/b/a CNY INSURANCE COMPANY,

        Third-Party Defendant.

### <u>MEMORANDUM OPINION AND ORDER DENYING<br>THIRD-PARTY PLAINTIFF'S MOTION TO REMAND</u>

THIS MATTER comes before the Court on Third-Party Plaintiff's Motion to Remand (**doc. 10**), filed September 28.  The Court finds that the motion is not well taken, and it DENIES the motion for the reasons herein stated.

## BACKGROUND

Third-Party Plaintiff Melba Rivera ("Rivera") brought a personal-injury suit in state court in 2008 against Defendants Fast Eddie's *et al.* ("Fast Eddie's").  Rivera was injured during a

guided four-wheeler tour operated by Fast Eddie's.  Fast Eddie's maintained insurance policies with two carriers, Philadelphia Insurance Co. ("Philadelphia") and Valley Forge Insurance Company ("Valley Forge").  During the course of Rivera's suit, Philadelphia provided legal counsel to Fast Eddie's and ultimately settled the case on December 8, 2010.  The settlement agreement received state court approval on March 2, 2011.  The settlement resolved all claims between Rivera and Fast Eddie's, and included an assignment to Rivera of Fast Eddie's legal rights against Valley Forge.  On August 8, 2011, Rivera, as assignee of Fast Eddie's, filed a Third-Party Complaint against Third-Party Defendant Valley Forge.  On August 17, 2011, the Third-Party Complaint was served on the New Mexico Secretary of State, and on August 23, 2011, Valley Forge received the Third-Party Complaint.

Valley Forge was not named in the original Complaint and was never made a party to the case.  However, Valley Forge was involved in some capacity with the proceedings in state court.  Valley Forge did not participate in the December 8, 2010, settlement conference and was not a party to the settlement.  Rivera now asserts Fast Eddie's claims for breach of contract and bad faith against Valley Forge, maintaining that Valley Forge breached its duty to defend Fast Eddie's.  Upon receiving the Third-Party Complaint, Valley Forge removed the case to federal court on September 15, 2011.  (Doc. 1.)  Now Rivera seeks to have the case remanded to state court.

## LEGAL STANDARD

There is a presumption against removal jurisdiction.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Moreover, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals."  *Pritchett v. Office Depot,*

*Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *See Fajen v. Found., Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed.  28 U.S.C. § 1441(b).  A federal district court has original jurisdiction if Article III's justiciability requirements are met, *see Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1002–05 (9th Cir.2001), *cert. denied*, 535 U.S. 928 (2002), and the case involves a federal question or diversity of citizenship.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin v. Kmart Corp.*, 50 F.3d at 873.  "The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds [$75,000]."  *Id.* (internal quotations and citations omitted).

## DISCUSSION

In the case's current procedural stance, Valley Forge is styled as a Third-Party Defendant, with Rivera, as assignee of Fast Eddie's, asserting claims against Valley Forge. Thus, Rivera is asserting a claim in the shoes of an original Defendant (Fast Eddie's) against a Third-Party Defendant (Valley Forge).

Rivera asserts that the case should be remanded for two reasons.  First, because third-party defendants should not be allowed to remove as a general matter; and second because the removal was filed in 2011, more than a year from the filing of the original complaint in 2008.

## I.  Removal by Third-Party Defendants

The U.S. Supreme Court has not squarely addressed the issue of removal by third-party defendants and there is a split of authority as to the propriety of allowing third-party defendants to remove.  *See NCO Fin. Sys., Inc. v. Yari*, 422 F.Supp.2d 1237, 1239 (D. Col. 2006) (citing *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F.Supp.2d 385 (D.N.J. 1999)).

In *Yari*, the court summarized the arguments on either side of the question.  422 F.Supp.2d at 1239.  Opponents to removal argue that "an appropriately strict construction of § 1441(a), which permits removal only 'by the defendant or the defendants,' places a third-party defendant outside the ambit of the removal statute."  *Id.*  Additionally, "if removal could be predicated on a removable claim joined by a third-party defendant, a plaintiff could be forced 'to litigate in a federal court that he did not choose and to which his adversary originally could not have removed.'"  *Id.* (quoting *Klor*, 46 F.Supp.2d at 391).  Additionally, this inclusive interpretation of § 1441(a) could be seen to "expand the jurisdiction of federal courts in contravention of the statutory limits on the right of removal."  *Yari*, 422 F.Supp.2d at 1239 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)).

The *Yari* court explained the other side of the issue: ". . . interpreting 'the defendant or defendants' to exclude third-party defendants is not a necessary construction of § 1441(a).  On the contrary, a third-party defendant, like any other defendant, has been haled into court involuntarily and has an interest in having the case against it heard in a federal forum."  422 F.Supp.2d at 1239–40 (citing *Klor*, 46 F.Supp.2d at 392).

4

This case presents a somewhat different situation from that of an ordinary third-party defendant seeking removal, and the Court therefore need not come down definitively upon one side or other of the controversy.  Here, the original controversy is no longer in litigation; all claims between the original Plaintiff and Defendants have been resolved in a court-approved settlement.  Rivera is pursuing its current claim by virtue of an assignment that was a part of her settlement with Fast Eddie's.  Therefore, this is not a case where Plaintiff's choice of forum could be defeated by the actions of a party against which she did not bring suit.  Rivera, the original Plaintiff, is indeed bringing suit against Valley Forge, though she is doing so in the shoes of Fast Eddie's, the original Defendant.  Therefore, for all practical intents and purposes, this suit is identical to an ordinary claim by a plaintiff (Rivera) against a defendant (Valley Forge).  It would be anomalous on the one hand to accord an ordinary defendant a right of removal, while on the other hand denying Valley Forge that right simply because of the peculiar stylings of state-law procedure.  "The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).  Therefore, the Court will treat Valley Forge as a defendant for purposes of §1441(a), and accord it a right of removal.

## II.  Application of 28 U.S.C. § 1446(b)

An additional question is whether removal is time-barred.  28 U.S.C. § 1446(b) states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  Accordingly, the timeliness issue turns on whether the current suit is the same "action" as the underlying suit between Rivera and Fast Eddie's, commenced in 2008.  If so, then the one-year time limit would bar a 2011 removal by

Valley Forge, well beyond one year from the commencement of the action.

In substantially similar circumstances, a sister court has held that a bad-faith claim asserted against a third-party defendant insurer was a distinct "civil action" for purposes of §1446(b). *Nungesser v. Bryant*, 2007 WL 4374022 (D. Kan. 2007). The *Nungesser* court analogized the bad faith claim in question to bad faith garnishment claims, which have been treated as separate civil actions. *Id.* at 6. The *Nungesser* court reasoned that while "the state court's characterization of the action is a factor this court can consider in determining whether a civil action is separate for purposes of removal," *id.* (citing *Scanlin v. Utica First Ins. Co.*, 426 F.Supp.2d 243, 248 (M.D.Pa. 2006)), the court "is not bound by the labels attached by state practice. Congress intended the removal statute to be uniform in its nationwide application, and the removal statute thus sets its own criteria, irrespective of local practice, for determining what suits may be removed," *id.* (citing *Shamrock*, 313 U.S. 100).

This Court finds that the current case is best characterized as a separate suit. No claims were asserted against Valley Forge until 2011, and indeed the primary factual underpinning of those claims appears to be Valley Forge's non-participation in the December 8, 2010, settlement conference. More importantly, Rivera can only assert claims against Valley Forge as a result of the assignment which formed part of the settlement agreement that effectively ended the underlying suit. These facts weigh heavily in the Court's decision to treat the Third-Party Complaint by Rivera against Valley Forge as a separate civil action for purposes of removal.

Indeed, to hold that Valley Forge is barred from removal by the one-year time limit of §1446(b) would have anomalous results: Valley Forge would be prevented from removing the case to federal court even though it was never joined as a party in the underlying suit and thus was unable to seek removal during the one-year time period. Moreover, the year-long

6

countdown for removal would begin and end before any claims were asserted against Valley Forge and before the factual basis for those claims occurred.

Therefore, the Court holds that for purposes of § 1446(b) the "civil action" commenced on August 8, 2011, with the filing of the Third-Party Complaint.  Accordingly, Valley Forge's removal on September 15, 2011, was timely.

**III. Diversity**

Though not argued explicitly by the parties, the Court notes that in this case the removal is supported by proper diversity jurisdiction.  28 U.S.C. 1441(a) allows removal only of actions which could originally have been brought in federal court.  Valley Forge alleges that there is proper federal jurisdiction under 28 U.S.C. § 1332(a), because there is complete diversity between Rivera and Valley Forge, and the amount in controversy exceeds $75,000.  The allegations in the Third-Party Complaint support Valley Forge's allegations.

In the original suit between Rivera and Fast Eddie's there may not have been complete diversity of citizenship;[1] however, "[t]he court must determine the 'principal purpose of the suit,' and 'the primary and controlling matter in dispute' and properly align the parties according to their interest."  *Liebau v. Columbia Cas. Co.*, 176 F.Supp.2d 1236, 1243 (D.Kan 2001) (quoting *City of Indianapolis v. Chase Nat. Bank of the City of New York*, 314 U.S. 63, 69 (1941)).

In this case there is a unity of interests between the original parties.  There has been a settlement and an assignment of legal interests, with Rivera now asserting claims formerly owned by Fast Eddie's.  Therefore, the Court treats Rivera as a Plaintiff, and Valley Forge as

---

[1]The parties do not include allegations as to the citizenship of Fast Eddie's *et al.* in their submissions to the Court, but nevertheless the Court suspects that Fast Eddie's has New Mexico citizenship for purposes of diversity, and therefore addresses this point for the sake of clarity.

7

Defendant, for the purposes of diversity jurisdiction, whereupon it is clear that there is complete diversity between the Plaintiff and Valley Forge.  Therefore, there is proper federal jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the Court DENIES Rivera's Motion to Remand.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE