IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELBA JOYCE RIVERA,

      Plaintiff/Third-Party Plaintiff,

vs.                                           No. CIV  11-827 WJ/LFG

FAST EDDIE'S, INC., EDDIE NELSON,
DIANE NELSON, CHRIS BLETHIN,

      Defendants.

and

MELBA JOYCE RIVERA, as assignee of
Fast Eddie's, Inc., Eddie Nelson, Diane
Nelson and Chris Blethin,

      Third-Party Plaintiff,

vs.

VALLEY FORGE INSURANCE COMPANY,
dba CNA Insurance Company,

      Third-Party Defendant.

**ORDER DENYING MOTION FOR RULE 56(d) DISCOVERY
AND GRANTING EXTENSION OF TIME TO RESPOND TO
MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER is before the Court on a pleading captioned "Third Party Plaintiffs' Rule

56(D) Motion for Extension of Time to Respond to Third Party Defendant's Motion for Partial

Summary Judgment" [Doc. 64].[1]  The Court considered the motion, Response in Opposition [Doc.

---

[1]Third-Party Plaintiff Melba Joyce Rivera improperly combined multi-purpose requests for relief in
one pleading.  This violates provisions of the District's Administrative Order No. Misc. 92-88, which requires
a separate pleading for separate requests for relief.  The reason for the Administrative Order is highlighted
by the delay caused in this case due to the improper consolidation.  Had Rivera filed a separate request for
discovery under Rule 56(d), and a separate motion for extension of time, the two pleadings would have been
properly docketed by the Court Clerk; and the judges responsible for each of these two discrete matters would
have been alerted to the pendency of the motion.  Instead, by improperly combining the requests, this
pleading was docketed as "Third Party Motion for Extension of Time to File Response/Reply as to 58 Motion

71], and Reply [Doc. 79].  Oral argument is not necessary.

<u>**Background**</u>

On July 7, 2012, Valley Forge Insurance Company filed its First Motion for Partial Summary Judgment [Doc. 58].  Third-Party Plaintiff Melba Joyce Rivera ("Rivera"), as assignee of Fast Eddie's, Inc, Eddie Nelson, Diane Nelson and Chris Blethin, did not respond to the motion.  Instead, she seeks an opportunity to engage in wide-spread discovery, purportedly to enable her to respond to Valley Forge's July 5, 2012 First Motion for Partial Summary Judgment.

Valley Forge's motion involves construction of an insurance policy.  Specifically, it raises the issue of whether Fast Eddie's, Inc. and Chris Blethin come within the definition of an "insured" in the insurance policy issued by Valley Forge to Diane and Eddie Nelson [Doc. 58, at 13-15].  Construction of a contract is generally a question of law to be determined by the Court.  *See, e.g.*, <u>Montoya v. Espanola Pub. Sch. Dist. Bd. of Educ.</u>, 861 F. Supp 2d 1307, 1312 (D.N.M. 2012) (absent any ambiguity, construction of a contract is a question of law).

The second question presented to the trial Court for resolution in this motion is whether Valley Forge's insurance policy was in excess to the Philadelphia Insurance Company insurance policy, which also provided coverage to the Nelsons [Doc. 58, at 15-18].  That question, too, appears to call for a judicial interpretation.  *See* <u>Arnold Oil Prop. v. Schlumberger Tech. Corp.</u>, 672 F.3d 1202, 1206 (10th Cir. 2012) (construction of unambiguous contract is legal question for court).

Valley Forge submitted Fed. R. Civ. P. 26 initial disclosures.  Although the parties disputed whether Rivera was entitled to production of Valley Forge's entire underwriting file, Valley Forge

---

for Partial Summary Judgment by Melba Joyce Rivera."  As a result, the Magistrate Judge responsible for discovery was unaware of the pendency of a request for discovery under Rule 56(d).  To avoid these types of delays, Rivera should ensure that pleadings seeking different forms of relief are filed in accord with the requirements of Administrative Order No. Misc. 92-88.

nonetheless agreed to produce the entire file in mid-July 2012.[2]   Some documents were withheld pursuant to privilege, but a <u>Vaughn</u> index was provided [Doc. 71, Ex. 3].   Rivera has possession of the entire underwriting file, save for the few documents withheld based on privilege.

Rivera now seeks discovery, including deposing the underwriters and producers of the policy "because the dynamics of the insurance transaction are relevant to interpreting the reasonable expectations of the insured."   [Doc.64-1, Affidavit, ¶ 6].   Rivera's counsel states:

> I anticipate the deposition testimony [of CNA underwriters] may clarify why Defendant's description of the insured was previously designated as a sole proprietorship in 2002.   However, the off-premises exclusion was removed, as shown in Exhibits A-3 and A-4, indicating ATV activities were clearly intended to be covered under the Valley Forge policy, notwithstanding the incorporation of Fast Eddie's, Inc.

[Doc. 64-1, Affidavit, ¶ 7].

Further, Rivera contends:

> I anticipate the deposition testimony may clarify that the "Designated Premises Exclusion" should not have been placed on the policy and was in fact removed from Defendant's policy because the policy was intended to cover off premises activities such as the use of snow mobiles and all terrain vehicles.

[<u>Id.</u>, ¶ 8].

Finally, Rivera asserts that the "full underwriting file and the deposition testimony is essential to interpreting the policy because the Court must consider the reasonable expectations of the insured . . . ."   [<u>Id.</u>, ¶ 10].

---

[2]The file consists of approximately 300 pages of documents.   [*See* Doc. 71, Response in Opposition, at 3].

**Analysis**

Rule 56(d) of the Federal Rules of Civil Procedure states:

> (d) When Facts Are Unavailable to the Non movant. If a non movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).[3]

In Stark-Romero v. National R.R. Passenger Co. (AMTRAK), 805 F.Supp.2d 1145, 1183

(D.N.M. 2011), the District Court explained:

> The general principle of Rule 56(f) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000) (internal quotation marks omitted). "Rule 56(f) does not require, however, that summary judgment not be entered until discovery is complete." Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., . . ., 2007 WL 2461629, at *3 (D.N.M. June 5, 2007).

(internal citations omitted). In Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc., 206 F.3d 980,

987 (10th Cir.), cert. denied, 531 U.S. 824 (2000), the Tenth Circuit Court of Appeals instructed:

> Fed.R.Civ.P. 56[d] requires that the party seeking to invoke its protection state with specificity how the additional material will rebut the summary judgment motion. Jensen v. Redev. Agency, 998 F.2d 1550, 1554 (10th Cir. 1993). A party may not invoke Fed.R.Civ.P. 56[d] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Id. Rather, the party **must demonstrate precisely** how additional discovery will lead to a genuine issue of material fact. Id.

(emphasis added). The proper procedure to request further discovery prior to the court's ruling on

---

[3]Rule 56(d) was previously codified at Rule 56(f). Thus, many of the cases discussing the Rule 56 affidavit refer to Rule 56(f).

a summary judgment motion, is to file a Rule 56(d) affidavit explaining "why facts precluding summary judgment cannot be presented." Campfield v. State Farm Mut. Auto. Ins. Co. 532 F.3d 1111, 1124 (10th Cir. 2008) (internal citation omitted).

To satisfy the requirements of Rule 56(d) and justify additional discovery, the Tenth Circuit Court of Appeals further explained that:

> . . . . a party seeking to defer a ruling on summary judgment under Rule 56(f) must provide an affidavit "explain[ing] why facts precluding summary judgment cannot be presented." Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted). This includes identifying (1) "the probable facts not available," (2) why those facts cannot be presented currently, (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable [the party] to" obtain those facts and rebut the motion for summary judgment. Id.; see also Price, 232 F.3d at 783 ("Rule 56(f) does not operate automatically. Its protections ... can be applied only if a party satisfies certain requirements.")

Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010). To make a sufficient showing for discovery under Rule 56(d), the movant must provide what facts are needed with specificity; vague or conclusory statements are insufficient. See Trask v. Franco 446 F.3d 1036, 1041-42 (10th Cir. 2006) (discussing what is required to satisfy Rule 56(d)). "Rule 56( [d] ) is not a license for a fishing expedition. . . . " Lewis v. Ft. Collins, 903 F.2d 752, 759 (10th Cir. 1990).

Rule 56 makes clear that a party moving for discovery under Rule 56(d) state with specificity how the proposed additional material will rebut the summary judgment motion. It is insufficient for a party to invoke Rule 56(d) by arguing that there is not enough discovery, that the party wishes to engage in more discovery, or that the discovery currently available to the party is insufficient to allow the party to respond to the motion for summary judgment. Rather, the moving party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact.

5

**Discussion**

A review of the moving party's Rule 56(d) affidavit shows that it fails to comply with the requirements of the Rule.  While it is clear that Rivera would like to take extensive discovery, the two questions before the Court deal with construction of a document, generally a legal question, not a factual one.  While New Mexico law does indeed allow consideration of extrinsic evidence in unique circumstances, nothing in the motion or affidavit indicates of how the additional discovery relates to the precise questions presented to the Court.

Indeed, the request for additional discovery is based on mere speculation that there may be information that would make the provisions of the insurance contract ambiguous.  *See* Mark V, Inc. v. Mellekas, 114 N.M. 778, 781, 845 P.2d 1232, 1235 (1993) (question of whether agreement contains an ambiguity is a question of law).  Speculation of this nature does not demonstrate precisely how the additional discovery will result in a material fact.  *See* Ben Ezra, Weinstein, 206 F.3d at 987.

Stated differently, the Court requires more than speculation.  Rivera fails to identify any provision of the Valley Forge policy that is purportedly ambiguous.  Rather, Rivera argues that the "Designated Premises Exclusion" should not have been placed in the policy, and was removed because the policy was intended to cover off-premises activities, including use of snowmobiles and all-terrain vehicles.

The problem with this argument is that Valley Forge's Motion for Partial Summary Judgment is not based on the "Designated Premises Exclusion," but, rather, the definition of "insured" and "other insurance" provisions of the Valley Forge and Philadelphia policies.  It is unclear, at best, how a Designated Premises Exclusion has anything to do with the Valley Forge Motion for Partial Summary Judgment, or how discovery related to designated premises impacts the

6

construction of a document.

So, too, arguments concerning the "dynamics of the insurance transaction" or the "reasonable expectations of the insured" have no real bearing on the pending Motion for Partial Summary Judgment.  Rivera does not explain how depositions of various underwriters might create ambiguity in the policy concerning who was an "insured" or how the definition of an "insured" could be susceptible to more than one interpretation.  *See* <u>Heye v. American Golf Corp.</u>, 134 N.M. 558, 562 (Ct. app. 2003) (to show ambiguity, contact language must be reasonably and fairly susceptible to more than one meaning).  At most, Rivera seeks to set out on a discovery quest with the hope that something useful will turn up.  That hope, while understandable, simply fails to meet the requirements of law.

It is true that Valley Forge filed its Motion for Partial Summary Judgment before the close of discovery.  However, Rule 56(b) provides that parties may move for summary judgment at any time.  The Court's case management plan sets a deadline for filing dispositive motions thirty days after the close of discovery, and that time limit is, indeed, a deadline.  However, there is no prohibition to filing a motion prior to the close of discovery.  The rules of procedure specifically authorize early filings.  Fed. R. Civ. P. 56(b).  In this case, as the Motion for Partial Summary Judgment calls upon the trial Court to make legal determinations, the referral Magistrate Judge is not convinced that discovery is required to allow for a meaningful response to the motion

Accordingly, the request for discovery is denied.  The Court authorizes Rivera to file a response to the Motion for Partial Summary Judgment no later than November 13, 2012.

IT IS SO ORDERED.

*Lorenzo L. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge